# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Dianah DAVIS,              :
      Plaintiff,         :
                            :
v.                            :      Case No: 3:05cv1537 (PCD)
                            :
UNITED STATES of AMERICA and  :
Martin VEGA, JR.,         :
      Defendants.      :

## <u>RULING ON MOTION TO DISMISS</u>

Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint. For the reasons stated herein, Defendants' Motion to Dismiss [Doc. No. 30] is **granted**.

## I.    BACKGROUND

Count One of Plaintiff's Amended Complaint includes claims of negligence, false arrest, abuse of process, and malicious prosecution under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, <u>et seq</u>. (Am. Compl. ¶ 20.) Count Two alleges, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), that Defendant Vega violated Plaintiff's Fourth Amendment rights by subjecting her to a malicious prosecution. (<u>Id.</u> ¶ 21.) The facts in this case are set forth in detail in this Court's Ruling and Order granting in part and denying in part Defendants' First Motion to Dismiss [Doc. No. 25], familiarity with which is assumed. <u>See</u> <u>Davis v. United States</u>, No. 3:05cv1537 (PCD), 2006 U.S. Dist. LEXIS 24443, at *2-5 (D. Conn. Apr. 28, 2006). For that reasons, only those facts necessary to the resolution of this motion will be laid out here.

In this Court's April 28, 2006 Ruling on Defendant's Motion to Dismiss, the Court

declined to dismiss Plaintiff's negligence, abuse of process, malicious prosecution, and false arrest claims against the United States due to uncertainty regarding the date on which the alleged claims accrued.  Plaintiff's FTCA against Defendant Vega were dismissed on the ground that the government is the proper defendant under the FTCA.  Additionally, this Court granted Plaintiff leave to amend her Complaint to include additional factual allegations regarding Defendant Vega's alleged personal involvement in putative unlawful actions, or else relinquish her malicious prosecution claim against Defendant Vega under <u>Bivens</u>.  Plaintiff filed an Amended Complaint on or about May 11, 2006.

## II.    STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 776 (2d Cir. 1984) (citation omitted).  Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Dismissal of a complaint under Rule 12(b)(6) is inappropriate unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>I. Meyer Pincus & Associates v. Oppenheimer & Co.</u>, 936 F.2d 759, 762 (2d Cir.1991); <u>see also</u> <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996) (Courts should not grant a Rule 12(b)(6) motion to dismiss merely because recovery seems unlikely or remote, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

## III.    DISCUSSION

### A.    Malicious Prosecution and False Arrest under Count One

In Count One of the Amended Complaint, Plaintiff seeks recovery from Defendant under the FTCA for negligence, abuse of process, malicious prosecution, and false arrest. (Am. Compl. ¶ 20.)  Plaintiff states that following her arrest, "the charges were disposed of via the [Connecticut] Accelerated Rehabilitation Program." (Id. ¶ 14.)  Plaintiff relies on these allegations regarding her arrest to assert that Defendant "negligently deprived [her] of her right to be free from false arrest, abuse of process, and malicious prosecution." (Id. ¶ 20.)

To prove malicious prosecution, a plaintiff must show, *inter alia*, that the criminal proceedings were terminated in her favor. Inkel v. Conn. Dep't of Children & Families, 421 F. Supp. 2d 513, 522 (D. Conn. 2006) ("In a malicious prosecution or vexatious litigation action, it is necessary to prove want of probable cause, malice and a termination of the suit in the plaintiffs' favor.") (citing QSP, Inc. v. Aetna Cas. and Sur. Co., 256 Conn. 343, 361, 773 A.2d 906, 918 (Conn. 2001)[1]); accord Heck v. Humphrey, 129 L. Ed. 2d 383, 114 S. Ct. 2364, 2372 (1994) (holding that in order to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Second Circuit precedent, however, provides that the disposal of criminal proceedings against a defendant via the Connecticut accelerated pretrial rehabilitation program does not

---

[1]    The Second Circuit has held that "[a]lthough § 1983 provides plaintiffs with a federal cause of action, generally [federal courts] borrow the underlying malicious prosecution from state law." Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004).

constitute a termination in favor of the accused:

> A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim. Thus, we hold trial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit.

Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992).  In reviewing and reaffirming the precedent set forth in Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980), the Second Circuit compared the New York program to the Connecticut program and found that the same reasoning and result applied to both.  The Roesch court also extended the Singleton holding to include actions sounding in false imprisonment:

> Having decided that the criminal charge at issue in the state court was not disposed of in a manner favorable to the [plaintiff], thereby precluding the [plaintiff] from pressing his malicious prosecution claim in this section 1983 action, it would be anomalous to allow the [plaintiff] to challenge here the existence of probable cause for his arrest and incarceration for that same criminal charge.

980 F.2d at 853-54 (quoting Konon v. Fornal, 612 F. Supp. 68, 71 (D. Conn. 1985)).  Specifically, the Roesch court held that "[t]he policy considerations that motivated the Court in Singleton are equally appropriate in the context of a section 1983 claim sounding in false imprisonment or false arrest." Id.

Plaintiff argues that because state law guides federal courts' interpretation of malicious prosecution claims, the Second Circuit precedent cited is not controlling.  Plaintiff cites See v. Gosselin, 133 Conn. 158, 160 (1946), a Connecticut Supreme Court case holding that a favorable termination does not necessarily have to be an acquittal:

> When we made "discharge" a condition of bringing an action of malicious prosecution, it signified the termination of the particular prosecution. It is not necessary that the accused should have been acquitted. It is sufficient if he was

4

discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him.

It is assumed, however, that the Second Circuit had the benefit of Connecticut Supreme Court caselaw when Roesch was decided.  Indeed, the Roesch court considered and rejected Connecticut precedent in reaching its decision. See 980 F.2d at 853 n.3 (citing Grosso v. Newbury, No. 361369, 1990 WL 271096 (Conn. Super. Ct. April 17, 1990) and noting that it "declined to apply Singleton to a state law action for malicious prosecution brought by a defendant admitted to the Connecticut program because entry into that program does not require the prosecutor's consent").  Moreover, as discussed above, the Roesch decision was a carefully reasoned one, with the Court weighing arguments from both sides and citing both precedent and policy in support of its decision. See, e.g., id. at 853 (noting that if the court were to "permit a criminal defendant to maintain a section 1983 action after taking advantage of accelerated rehabilitation, the program, intended to give first-time offenders a second chance, would become less desirable for the State to retain and less desirable for the courts to use because the savings in resources from dismissing the criminal proceeding would he consumed in resolving the constitutional claims").  Because the Roesch decision specifically addressed the Connecticut accelerated rehabilitation program in the context of malicious prosecution and false arrest claims, this Court will adhere to that decision.[2]

Accordingly, since Plaintiff states in her Amended Complaint that the criminal charges against her were disposed of via the Connecticut accelerated pretrial rehabilitation program, she

---

[2]   The Second Circuit's reasoning is persuasive with respect to the malicious prosecution and false arrest claims brought under both Bivens and the FTCA.  The Court sees no basis, and Plaintiff does not articulate a basis, for finding that the policy considerations apply to one but not the other.

is unable to prove that the criminal proceedings terminated in her favor.  Because the Second

Circuit has held that participation in a pretrial rehabilitation program precludes malicious

prosecution, false imprisonment, or false arrest claims, Plaintiff's FTCA claims for false arrest

and malicious prosecution must be dismissed.

### B.    Negligence under Count One

Defendants move for summary judgment on Plaintiff's negligence claim under the FTCA,

arguing that Plaintiff has failed to establish the essential elements of a cause of action for

negligence, i.e., duty, breach of the duty, causation, and actual injury. Silberg v. Lynberg, 186 F.

Supp. 2d 157, 177 (D. Conn. 2002).  In her Amended Complaint, Plaintiff alleges only that

"defendant . . . negligently deprived the plaintiff of her right to be free from false arrest, abuse of

process, and malicious prosecution." (Am. Compl. ¶ 20.)  Plaintiff does not, however, set forth

the injury sustained, establish causation, or articulate the duty to her which the United States

allegedly breached.  Because Plaintiff has failed to allege the elements of a cause of action for

negligence and has not briefed the issue, the court considers this claim abandoned. See, e.g.,

Mallett v. Town of Plainville, No. 3:01cv1137 (AHN), 2006 U.S. Dist. LEXIS 15794, at *30 n.7,

2006 WL 931712, at *9 n.7 (D. Conn. Apr. 4, 2006); Chic Miller's Chevrolet, Inc. v. GMC, 352

F. Supp. 2d 251, 255 n.5 (D. Conn. 2005).

### C.    Malicious Prosecution under Count Two

As with Plaintiff's § 1983 claims, Plaintiff's Bivens claim for malicious prosecution also

must be dismissed for failure to state a claim because she has not demonstrated that her

conviction was "invalidated in any manner." Tavaris v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

In Tavaris, the Second Circuit noted the similarity of § 1983 actions and Bivens actions and held

6

that the Supreme Court's holding in <u>Heck v. Humphrey</u>—i.e., that a § 1983 plaintiff must

demonstrate that her conviction had been invalidated in order to recover damages for an

unconstitutional conviction or imprisonment—should apply to <u>Bivens</u> actions as well. <u>Id</u>.  As

noted before, Plaintiff's participation in the accelerated pretrial rehabilitation program precludes

a finding of favorable termination and renders her malicious prosecution claim, whether under

the FTCA or <u>Bivens</u>, invalid.

      Aside from establishing that the criminal proceedings terminated in her favor, a plaintiff

bringing a <u>Bivens</u> action for malicious prosecution must also show, *inter alia*, that the

defendant(s) acted without probable cause. <u>McHale v. W.B.S. Corp.</u>, 187 Conn. 444, 447, 446

A.2d 815 (1982).  Defendant argues that Plaintiff has not alleged, and cannot show, that

Defendant lacked probable cause to arrest her. (Defs.' Reply 4 (citing <u>Hartman v. Moore</u>, 126 S.

Ct. 1695, 1706-07, 164 L. Ed. 2d 441 (2006) (holding that a plaintiff must plead and prove the

absence of probable cause in order to state a <u>Bivens</u> claim for malicious prosecution)).)

Specifically, Defendant contends that grand jury indictment establishes the requisite probable

cause. (Defs.' Mem. Supp. Mot. Dismiss 8 (citing <u>McClellan v. Smith</u>, 439 F.3d 137, 145 (2d

Cir. 2006) (holding that the lower court did not err in applying a presumption of probable cause

arising from a grand jury indictment to a malicious prosecution claim)).)  Since, however,

Plaintiff's claim has already been dismissed on the ground that she will be unable, as a matter of

law, to establish favorable termination, it is unnecessary to reach this issue.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 30] is **granted** and

Plaintiff's FTCA claims for malicious prosecution and false arrest and <u>Bivens</u> claim for

malicious prosecution will be dismissed.  The case shall proceed with regard to Plaintiff's abuse of process claim under the FTCA.

_____SO ORDERED.

Dated at New Haven, Connecticut, July  27 , 2006.

_____
/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut

8