UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANAH DAVIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No: 3:05cv1537 (PCD) |
| | : |
| UNITED STATES of AMERICA,<br>    Defendant. | :<br>: |

## RULING ON MOTION TO DISMISS

Defendant moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's claim for abuse of process under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, et seq., for lack of subject matter jurisdiction. For the reasons that follow, Defendant's Motion to Dismiss [Doc. No. 69] is **denied**.

### I. BACKGROUND

Familiarity with the facts of this case, as set forth in this Court's prior rulings, see Ruling on Defendants' Motion to Dismiss [Doc. No. 25], dated April 28, 2006, Ruling on Defendants' Motion to Dismiss [Doc. No. 41], dated July 31, 2006, and Ruling on Defendant's Motion for Summary Judgment [Doc. No. 53], dated February 27, 2007, is assumed. Therefore, only those additional facts necessary to the resolution of the instant motion will be set forth here.

In this Court's Rulings on Defendants' Motions to Dismiss, this Court dismissed all claims against Defendant Postal Inspector Martin Vega and dismissed all claims except the FTCA abuse of process claim against the United States, which was not challenged in the motions. Subsequently, this Court denied Defendant's Motion for Summary Judgment on the abuse of process claim. In preparing for trial on the abuse of process claim, Defendant represents that it "encountered hitherto unexamined issues that squarely implicate this Court's subject

matter jurisdiction." (Def.'s Mem. Supp. Mot. Dis. Lack Sub. Mat. Juris. ("Def.'s Mem.") [Doc. No. 70] at 2.) Because subject matter jurisdiction cannot be waived, see In Re Stock Exchanges Options Trading Antitrust Litigation, 317 F.3d 134, 151 (2d Cir. 2003), it is necessary to address this issue before addressing the merits of the claim.

## II. STANDARD OF REVIEW

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed. R. Civ. P. 12(b)(1). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing by a preponderance of the evidence that it exists, Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996), and the court should not draw argumentative inferences in its favor. Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (The Court will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations" but "will not draw 'argumentative inferences' in the plaintiff's favor."). Unlike with a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (in resolving a Rule 12(b)(1) motion, district courts may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing"). A court must "look to the substance of the allegations to determine jurisdiction." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993).

### III. DISCUSSION

### A. Intentional Torts Exception

Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's abuse of process claim on account of the sovereign immunity of the United States, invoking the intentional tort exception found in 28 U.S.C. § 2680(h), which excludes from the FTCA's waiver of sovereign immunity "any claim arising out of...abuse of process," among other enumerated intentional torts. See 28 U.S.C. § 2680(h). The FTCA constitutes a limited waiver of the Government's sovereign immunity from suit, and that the FTCA is therefore to be construed narrowly. Morales v. United States, 38 F. 3d 659, 660 (2d Cir. 1994).

However, there exists an important exception to the intentional torts exception. In a 1974 amendment to the FTCA, Congress permitted suit for certain of these intentional torts, including abuse of process, against the United States under the FTCA if the tort was committed by an investigative or law enforcement officer. Pub. Law 93-253, 88 Stat. 50 (March 16, 1974). "Investigative or law enforcement officer" is defined for the purpose of Section 2680(h) as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." See 28 U.S.C. § 2680(h).

Courts have consistently held that Postal Inspectors satisfy the definition of "investigative or law enforcement officer." See e.g. Moore v.United States, 213 F. 3d 705, 710 (D.C. Cir. 2000), later appeal, Moore v. Hartman, 388 F. 3d 871 (D.C. Cir. 2004); Ivery v. United States, 686 F.2d 410 (6th Cir. 1982). Defendant concedes that "postal inspectors are considered to be 'law enforcement agents of the postal service.'" (Def.'s Mem. 5, citing Hodder v. United States, 328 F. Supp. 2d 335, 342 (E.D.N.Y. 2004)). Plaintiff's abuse of process claim against Defendant United States derives from the actions of Postal Inspector Martin Vega, who attended a hearing

regarding Plaintiff's possible placement in a pretrial Accelerated Rehabilitation Program ("ARP") and allegedly monitored and reported on the progression of the criminal case against Plaintiff. (Mem. Supp. Pl.'s Opp'n. Def.'s Mot. To Dismiss 4-6). Defendant argues that Mr. Vega appropriately appeared on behalf of the United States Postal Service ("USPS") to express the USPS's opposition, as the victim of Plaintiff's conduct, to her placement in the ARP. (Def.'s Mem. 9, 11.) Plaintiff claims that Mr. Vega's appearance at the ARP hearing "utilized criminal proceedings and subsequent monitoring thereof as the justification to pursue Davis's termination" (Pl.'s Opp'n Summ. J. 8) and was thus an abuse of process because it "[used] a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." Suffield Dev. Ass'n Ltd. P'ship v. Nat'l Loan Investors, L.P., 260 Conn. 766, 772, 802 A.2d 44 (2002) (quoting Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987)).

The Government states that in appearing at the ARP hearing, Mr. Vega was "merely a conduit in the greater chain of USPS command speaking on behalf of USPS." (Def.'s Mem.10.) Therefore, he was clearly "acting within the scope of his office or employment" when he committed the acts of which Plaintiff complains, as is required for liability under the FTCA pursuant to 28 U.S.C. § 1346(b)(1). Given that Mr. Vega was acting within the scope of his employment and is a Postal Inspector, a position which Defendant concedes falls within the statutory definition of "investigative or law enforcement officer," his actions fall squarely within the law enforcement exception to the intentional torts exception to the FTCA, thus constituting a Congressionally-authorized waiver of sovereign immunity and subjecting the United States to suit in this Court under the FTCA for his alleged abuse of process on behalf of the USPS with respect to Plaintiff.

Nonetheless, Defendant argues that "there is no basis to overcome sovereign immunity by

arguing that the law enforcement proviso applies" because Mr. Vega "was not acting as a law enforcement officer but as a messenger for his superiors when he relayed USPS's view that Ms. Davis be denied placement in the pretrial Accelerated Rehabilitation Program." (Def.'s Mem. 9.) In support of this distinction, Defendant cites Guccione, which barred a claim that the United States was negligent in failing to supervise an undercover agent under the intentional tort exception because the claim was not "entirely independent" of the employment relationship. Guccione v. United States, 878 F.2d 32, 33 (2d Cir. 1989). However, as Defendant acknowledges, the Plaintiff in this case has not alleged negligent supervision. (Def. Mem. FN 2.)

The Court does not agree, as Defendant suggests, that Mr. Vega was "not acting as a law enforcement officer, but as a messenger for his superiors" when he appeared at the ARP hearing on behalf of USPS. (Def.'s Mem. 9.) The latter does not preclude the former. Even if this were a material distinction, the language of § 2680(h) does not limit the FTCA's waiver of sovereign immunity for law enforcement officers' intentional torts to those torts committed while "acting as a law enforcement officer," aside from the FTCA's basic requirement that the employee be acting within the scope of employment, which Mr. Vega was. See 28 U.S.C. § 1346(b)(1).

The Third Circuit did look to the statutory definition of "law enforcement officer" in holding that § 2680(h) addresses only "conduct in the course of a search, a seizure, or an arrest." Pooler v. United States, 787 F.2d 868, 872 (3d Cir. 1986). However, within the Second Circuit, the S.D.N.Y. found that Pooler was "wrongly decided" and adhered to the "broader interpretation" of § 2680(h) adopted by a number of other federal courts. Ortiz v. Pearson, 88 F. Supp. 2d 151, 155 (S.D.N.Y. 2000) (citing Sami v. United States, 199 U.S. App. D.C. 173, 617 F.2d 755, 764-65 (D.C. Cir. 1979); Employers Ins. Of Wassau v. United States, 815 F. Supp. 255 (N. D. Ill. 1993); Crow v. United States, 659 F. Supp. 556 (D. Kan. 1987); Harris v. United

States, 677 F. Supp. 403 (W.D.N.C. 1988)).

Nor has the Second Circuit ruled, as has the Ninth Circuit, that Congress "intended to allow federal government liability only when the investigative or law enforcement officers were acting as such by engaging in investigative or law enforcement activities." Orsay v. U.S. Dept. of Justice, 289 F.3d 1125, 1133 (9th Cir. 2002). This Court is inclined to agree with the dissent in that case that there is no ambiguity in the statute that would suggest the need to resort to legislative history to determine Congressional intent. Id. at 1136.

Plaintiff's abuse of process claim against Defendant, deriving from the actions of Postal Inspector Vega, is not barred by the FTCA's intentional torts exception because it falls within the law enforcement exception to the intentional torts exception. Therefore, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction on account of the intentional torts exception in §2680(h) is **denied**.

**B.**     **Discretionary Function Exception**

Alternatively, Defendant argues that the court lacks subject matter jurisdiction over the Plaintiff's abuse of process claim on account of the discretionary function exception to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a) excludes from the coverage of the FTCA:

> "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." See 28 U.S.C. §2680(a).

The purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic and political policy

through the medium of an action in tort." United States v. Gaubert, 499 U.S. 315, 323, 113 L. Ed. 2d 335, 111 S. Ct. 1267 (1991). The two-pronged Berkovitz-Gaubert test is used to determine whether a government employee's conduct is protected from FTCA claims under the discretionary function exception. "According to the Berkovitz-Gaubert test, the [discretionary function exception] bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an "element of judgment or choice" and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in "considerations of public policy" or susceptible to policy analysis." Coulthurst v. United States, 214 F.3d 106, 109 (2000) (citing Gaubert, 499 U.S. at 322-23; Berkovitz v. United States, 486 U.S. 531, 536-37, 100 L. Ed. 2d 531, 108 S. Ct. 1954 (1988)). Defendant contends that Vega's participation in the ARP hearing was a choice that USPS, as a victim of Plaintiff's conduct, was given pursuant to Conn. Gen. Stat. § 54-56e (Gen. St. Rev. to 01-01-2007), and which USPS elected to avail itself of in furtherance of its public policy to "pursue punishment against those who inflict harm upon it, regardless of whether or not that person is an employee." (Def.'s Mem. 11, 13.)

The discretionary function exception is not applicable here. USPS, through Vega, allegedly opposed Plaintiff's placement in an Accelerated Rehabilitation Program and attempted to instead have the case criminally prosecuted. In asserting that this was an abuse of process, Plaintiff suggests that USPS's actions were an interference for collateral or ulterior purposes with the disposition of Plaintiff's case. If, as Plaintiff has alleged, Vega sought on behalf of USPS to have Plaintiff criminally prosecuted, rather than placed in ARP, in order to gain leverage against her in her grievance proceedings and/or to facilitate her termination, that could constitute abuse of process, because it involves "using a legal process against another in an improper manner or to

accomplish a purpose for which it was not designed." Suffield Dev. Ass'n Ltd. P'ship v. Nat'l Loan Investors, L.P., supra, 260 Conn. at 772.  Thus, while Conn. Gen. Stat. § 54-56e may have authorized USPS to express its opinion as a victim, it cannot have authorized USPS to abuse the process.  To the extent there was an improper motive, USPS's involvement was not a legitimate exercise of its discretion but was an interference with the prosecutor's discretion with respect to charging and prosecuting Plaintiff.

The discretionary function exception provides by its terms that if the exception applies, no inquiry is to be made into the motivation for the decision, because it applies "whether or not the discretion involved be abused." See 28 U.S.C. §2680(a).  However, an abuse of process claim is inherently an inquiry into motivation since it probes the manner and purpose behind actions.  In this respect, an analogy can be drawn to claims for malicious prosecution and false imprisonment, which also do not fall within the discretionary function exception.  See Morales v. United States, 961 F. Supp. 633, 636 (S.D.N.Y. 1997) (quoting Wilson v. United States, 767 F. Supp. 551, 552 (S.D.N.Y. 1991)).  The discretionary function exception would eclipse the abuse of process claim if it were within the discretion of governmental actors such as USPS to assume a quasi-prosecutorial stance in order to use the criminal judicial process to gain advantage in employment-related or other civil proceedings against government employees such as Plaintiff.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction on account of the discretionary function exception in §2680(a) is **denied**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss [Doc. No. 69] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, October  25 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court